IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LENA D. LEWIS, | § | |
| | § | |
| Defendant Below- | § | |
| Appellant, | § | No. 500, 2016 |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| TRUMARK FINANCIAL CREDIT | § | |
| UNION, | § | C.A. No. N11L-11-017 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: April 21, 2017
Decided: June 15, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

## **O R D E R**

This 15th day of June 2017, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Lena D. Lewis, filed this appeal from an order of the Superior Court, dated October 4, 2016, granting a writ of possession to TruMark Financial Credit Union ("TruMark"). We find no merit to Lewis' appeal. Accordingly, we affirm the Superior Court's judgment.

(2) The record reflects that Lewis executed and delivered to TruMark a mortgage dated January 12, 2007. The mortgage was secured by property located at 20 East Abbey Drive, Townsend, Delaware 19734 ("the Property"). On

November 1, 2011, TruMark filed a mortgage foreclosure action, asserting that Lewis was in default of her mortgage obligations. TruMark's complaint demanded that Lewis answer the complaint specifically by affidavit in accordance with 10 *Del. C.* § 3901(a).[1] Lewis filed an answer to the complaint on December 19, 2011. She did not deny any of TruMark's allegations and did not answer by affidavit setting forth any defenses, as required by 10 *Del. C.* § 3901(a). On July 26, 2012, TruMark filed a motion for summary judgment. Lewis failed to file an answer to the motion. The Superior Court entered judgment on TruMark's behalf on November 19, 2012. Lewis appealed that judgment, but the appeal was dismissed as unopposed.

(3) Sale of the Property was delayed due to a bankruptcy action Lewis filed in the federal district court. On September 14, 2015, the automatic bankruptcy stay was lifted to allow TruMark to proceed with the foreclosure action. The Property was sold at a sheriff's sale on January 12, 2016, after proper notice to all interested parties. TruMark was the highest bidder. The sale was confirmed in due course.

(4) TruMark filed for a writ of possession on July 19, 2016, asserting that Lewis remained in possession of the Property even though TruMark was the

---

[1] Among other things, 10 *Del. C.* § 3901(a) provides that, in all actions of scire facias sur mortgage, "the plaintiff may specifically require the defendant…to answer any or all allegations of the complaint by an affidavit setting forth the specific nature and character of the defense and the factual basis therefor…."

2

rightful owner. The Superior Court issued a rule to show cause to Lewis, directing her to appear at a hearing and show cause why the writ should not be issued. Lewis appeared and, for the first time, challenged the validity of the mortgage.

(5) In granting TruMark's petition for a writ of possession, the Superior Court noted that Lewis had not opposed TruMark's 2012 motion for summary judgment. The Superior Court rejected Lewis' contention that she had not received proper notice of the motion. The court also rejected her assertion that the motion was improper because she already had received a scheduling order that included a trial date. Moreover, the court noted that even after Lewis was notified of the judgment, she had not sought to reopen the judgment or taken any action to challenge the judgment before the Property was sold. The Superior Court held that the validity of the 2012 mortgage judgment in TruMark's favor was the law of the case and that Lewis had articulated no valid basis to revisit that judgment.

(6) Lewis' opening brief on appeal is difficult to understand. Lewis asserts that she lost her job in 2011 and her husband had quadruple bypass surgery around the same time. She appears to contend that these "acts of God" required TruMark to offer her a modification of her mortgage obligations. She accuses TruMark of acting maliciously and fraudulently and denying her the opportunity to cure the default. She also contends, as she did below, that she was never served with TruMark's motion for summary judgment.

3

(7)     In response, TruMark asserts that, at most, Lewis' brief offers some explanation about why the mortgage went into default, but ultimately offers nothing to substantiate her claim that TruMark should not have been awarded a writ of possession.  TruMark contends that Lewis was served with notice of its motion for summary judgment, as the Superior Court found, and that Lewis never sought to reopen the summary judgment.  TruMark asserts that its right to foreclose on the mortgage is the law of the case.[2]

(8)     We agree.  The only allowable objection to a foreclosure sale after its confirmation is a lack of proper notice of the sale.[3]  The record in this case reflects that TruMark complied with the notice requirements before the Property was sold at a sheriff's sale.[4]  Despite proper notice, Lewis did not file any objections before the sale occurred.  Lewis is now barred from making any collateral attack on the sale by attempting to challenge the underlying validity of the foreclosure judgment.  In other words, we reach the same conclusion that the Superior Court did in its well-reasoned decision dated October 4, 2016.

---

[2] *Nationwide Emerging Managers, LLC v. Northpointe Holdings, LLC*, 112 A.3d 878, 894-95 (Del. 2015) (noting that under the law of the case doctrine, "a court's legal ruling at an earlier stage of proceedings controls later stages of those proceedings….").

[3] *Lismore v. Federal Nat'l Mortgage Ass'n*, 2013 WL 4538363 (Del. Aug. 23, 2013).

[4] *See* Del. Super. Ct. Civ. R. 69(g).

4

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice